IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY M. FOWLER, as Guardian of the Person and Property of SKIPP VAN FOWLER, an incapacitated person,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation<br><br>　　　Defendant.<br>_____ | ) CIVIL NO. 07-00071 SPK-KSC<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART<br>) PLAINTIFF'S MOTION TO<br>) COMPEL PRODUCTION OF<br>) DOCUMENTS AND TO COMPEL<br>) DEPOSITIONS AND ORDER<br>) GRANTING DEFENDANT'S<br>) MOTION FOR PROTECTIVE<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND TO COMPEL DEPOSITIONS AND ORDER
<u>GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER</u>

　　　Before the Court is Plaintiff Nancy M. Fowler, as Guardian of the Person and Property of Skipp Van Fowler's ("Plaintiff") Motion to Compel Production of Documents and to Compel Depositions, filed September 29, 2008. Also before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion for Protective Order, filed October 22, 2008. On October 24, 2008 and October 29,

2008, Defendant and Plaintiff filed their respective Oppositions.  On October 31, 2008, Plaintiff filed a Reply Memorandum in support of the Motion to Compel.

These matters came on for hearing on November 12, 2008.  Kris LaGuire, Esq. appeared, and Paul Zebrowski, Esq. and Thomas Biscup, Esq. appeared by phone on behalf of Plaintiff.  Robert Johnson, Esq. and Patricia Wall, Esq. appeared on behalf of Defendant.

After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY GRANTS in part and DENIES in part Plaintiff's Motion to Compel and GRANTS Defendant's Motion for Protective Order.

## BACKGROUND

As the parties and the Court are familiar with the facts of this case, the Court limits the background to those facts relevant to the instant Motion.

### I.  Ninth Request for Production of Documents

On May 15, 2008, Plaintiff served Defendant with a Ninth Request for Production of Documents ("RPOD").  Defendant filed an initial response on June

13, 2008, but claimed not to have documents to request nos. 6-58.  On June 17, 2008, Defendant filed a motion for protective order as to request nos. 1-5 of the RPOD, which the Court granted.

On October 20, 2008, Defendant served Plaintiff with a supplemental response to the RPOD, objecting to request nos. 6, 8, 10, 14, 15, 18, 19, 25, 28, 30-33, 42, and 43 on various grounds, including confidentiality, business sensitivity, irrelevance, and attorney-client privilege.  Defendant nevertheless produced documents in response to these requests, some of which contain redactions.  Moreover, Defendant specified that the documents were produced for use in this litigation and that it would seek appropriate relief if Plaintiff used the documents for any other purpose.

## II.  30(b)(6) Deposition

On July 3, 2008, Plaintiff noticed the deposition of a person designated by Defendant pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(6) to take place on September 16, 2008.  See Mot. to Compel

at Ex. F.  The notice identified the 1995 Divisional Claims Superintendent Conference as the matter for examination.

III.  Bruce Boyden's Deposition

On July 3, 2008, Plaintiff noticed Bruce Boyden's Deposition.

DISCUSSION

I.  RPOD

Plaintiff argues that Defendant's responses to the RPOD are inadequate and requests that the Court overrule all objections untimely raised by Defendant, order the immediate production of unredacted documents and those withheld on grounds of privilege, and order Defendant to submit an affidavit stating that documents no longer exist or have been destroyed with respect to requests for which Defendant claimed it could not locate responsive documents.

Defendant asserts that its responses are adequate and believes that it has not waived any objections despite filing its supplemental response months after being served with the RPOD.

Federal Rule of Civil Procedure ("FRCP" or "Rule") 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . *Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*." Fed. R. Civ. P. 26(b)(1). Relevancy, for purposes of Rule 26(b), is a broad concept that is construed liberally. Amendments to the rule in 2000, however, were "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26 advisory committee's notes; see also Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 967-68 (9th Cir. 2004); Sallis v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005). "Under Rule 26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" Elvig, 375 F.3d at

968.

In the event a party fails to respond to or permit a Rule 34 request for inspection, the party who served the discovery request may file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). An incomplete or evasive answer is deemed a failure to answer. See id. 37(a)(4).

Here, the Court will grant in part and deny in part the Motion as to the RPOD. Defendant initially responded to the RPOD on July 13, 2008 and filed a supplemental response on October 20, 2008.[1] Although Defendant filed a motion for protective order on June 17, 2008, the motion sought a protective order only as to request nos. 1-5 (ACE documents) and did not address the requests at issue here. By failing to object to request nos. 6-58 within 30 days after being served

---

[1] Defendant explained that it did not have certain documents from Rob Proctor in its possession at the time it responded on June 13, 2008. However, Defendant has not offered a satisfactory explanation or justification for the four month delay in supplementing its response when Mr. Proctor forwarded the documents in June 2008.

with the RPOD, Defendant has waived all objections to the same.[2]  FRCP 34 provides that discovery requests must be responded to within 30 days.  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)); Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 661-62 (D. Colo. 2000)) (same).  Not only has Defendant waived objections of irrelevance, confidentiality, and business sensitivity, but it has failed to move for a protective order or make a showing of good cause for the entry of a protective order.  Furthermore, Defendant may not unilaterally impose a protective order as to information produced and order that Plaintiff limit the use of the documents in the instant litigation or face the threat of sanctions.  The Court,

---

[2]  This is not the first time that Defendant has failed to timely respond to discovery requests and/or preserve its objections to Plaintiff's requests.

not Defendant, is to make such a determination. In fact, the Court has already rejected Defendant's request to limit the use of certain documents to the instant litigation. Accordingly, Defendant is to produce all documents responsive to request nos. 6, 8, 10, 14, 15, 18, 19, 25, 28, 30-33, 42, and 43 if any remain outstanding. For those documents already produced with redactions, Defendant shall produce unredacted copies of the documents by November 26, 2008.

Finally, although the Court agrees with Plaintiff that Defendant should have timely responded and/or objected to requests that implicate attorney-client privilege, the Court declines to find that Defendant waived the attorney-client privilege. Defendant shall produce a detailed privilege log by November 26, 2008 with respect to the documents identified in connection with request no. 31 (Fowler 00014245-00014248RPOD), for which Defendant asserts the attorney-client privilege.

As to Plaintiff's request that the Court

require Defendant to submit an affidavit concerning its inability to locate documents for request nos. 7, 9, 11-13, 16, 17, 20-24, 26, 27, 29, 24-41, and 44-58, the Court finds that Defendant is under no obligation to do so. It is Plaintiff's burden to prove that Defendant has possession, custody, or control of the documents at issue. United States v. Int'l Union of Petroleum and Indus. Workers, AFL- CIO, 870 F.2d 1450, 1452 (9th Cir. 1989). Without more than Plaintiff's conclusory argument that Defendant's response lacks credibility because all 53 of the requests were derived from a State Farm document previously produced without objection, the Court accepts Defendant's response, and will not compel production or order Defendant to submit an affidavit unless Plaintiff can prove that Defendant in fact possesses or has control over the documents. Indeed, at the hearing, Plaintiff's counsel admitted that he was uncertain about the existence of the documents. The Court therefore denies Plaintiff's request for an affidavit or declaration by counsel.

II. 30(b)(6) Deposition

Plaintiff wishes to depose an individual or individuals regarding the 1995 Divisional Claims Superintendent Conference. Defendant does not necessarily object to the deposition itself but argues that the topic is overbroad and claims that it is unable to locate a witness who attended the conference with recollection of the topics discussed. Defendant also speculates that Plaintiff intends to question the deponent on the ACE program.[3]

After carefully considering the present circumstances of this case, the Court orders Defendant to produce a 30(b)(6) deponent. FRCP 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers,

---

[3] Defendant's speculation about what Plaintiff may ask of the deponent is not a basis to excuse Defendant of its obligation to produce a 30(b)(6) deponent especially where Defendant has not moved for a protective order.

> directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

> A Rule 30(b)(6) designee "is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access." Therefore, a corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must "prepare its designee to be able to give binding answers on its behalf ... [and] perform a reasonable inquiry for information" that is noticed and reasonably available to it.

State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 216-17 (E.D. Pa. 2008) (quoting In re Linerboard Antitrust Litigation, 237 F.R.D. 373, 382 (E.D. Pa. 2006)).

The Court finds Defendant's argument that it cannot find someone with knowledge about the 1995

Conference to be without merit.  Rule 30(b)(6) requires Defendant to designate an individual to testify on its behalf about the conference.  This individual need not necessarily testify as to matters within his/her personal knowledge, but about matters to which Defendant has reasonable access, or information known or reasonably available to Defendant.  Defendant asserts that it may plead a lack of memory and erroneously relies on Dravo Corp. v. Liberty Mutual Insurance Co., 164 F.R.D. 70, 75 (D. Neb. 1995).  Dravo does not stand for the proposition that a corporation may plead a lack of memory.  Rather, Dravo reinforces Defendant's obligation under Rule 30(b)(6) to designate a person having knowledge or to prepare a person to fully and completely answer questions posed.  See id. at 75 ("[the corporation] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject

matters." (alterations in original) (internal quotations omitted)).  Thus, Defendant is not relieved of its obligation even though no current employee may have sufficient knowledge to provide the requested information.  In such a case, "the party is obligated to 'prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'"  Id.  (citation omitted) (alteration in original).

Defendant contends that it is not objecting to producing an individual, but characterizes the topic of deposition to be overbroad.  The Court agrees that the topic as noticed is overbroad and directs Plaintiff to immediately narrow the scope of the deposition to include linkage or a relationship of the topic to the claims and defenses in this case and/or to the investigation of Skipp Fowler's claim.  Once Plaintiff does so, Defendant is to identify a 30(b)(6) witness on the topic of the 1995 Divisional Claims Superintendent Conference before the November 28, 2008 discovery

13

deadline and to schedule the deposition.[4]

III.     Mr. Boyden's Deposition

At issue in both the Motion to Compel and Motion for Protective Order is Mr. Boyden's deposition. Plaintiff requests that the Court compel Defendant to produce Mr. Boyden for his deposition because he, as Executive Vice President and member of State Farm's Chairmans' Council, and as Susan Hood's[5] direct superior, allegedly has knowledge about claims handling standards, directives, training, etc., which are relevant to Plaintiff's claims.  Furthermore, Plaintiff asserts that Mr. Boyden's deposition is necessary to reconcile conflicting testimony between various

---

[4]  To the extent Plaintiff believes that he is entitled to ask questions concerning the ACE program if the opportunity should arise during the course of the deposition, the Court cautions that if such questions fall outside the scope of the subject matter noticed, the witness need not answer the question(s).  State Farm, 250 F.R.D. at 217 ("[I]f a Rule 30(b)(6) witness is asked a question concerning a subject that was not noticed for deposition or that seeks information not reasonably available to the corporation, the witness need not answer the question.").

[5]  Ms. Hood is the claims vice president whose deposition the Court previously compelled.

employees.

Defendant argues that it is entitled to a protective order because Mr. Boyden does not oversee the day-to-day handling of insurance claims; he lacks personal knowledge of Skipp Fowler's claim; he is an apex deponent; he does not possess direct information on the procedures, standards, policies, or directives regarding proper claims handling for a Michigan No-Fault claim; and Ms. Hood has never reported to him regarding Skipp Fowler's claim or the pending litigation.

Courts may terminate or limit the manner and scope of a deposition in accordance with FRCP 26(c). Fed. R. Civ. P. 26(c). Rule 26(c) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

15

Fed. R. Civ. P. 26(c)(1).  If the Court denies the motion for protective order in whole or in part, "the court may, on just terms, order that any party or person provide or permit discovery."  Fed. R. Civ. P. 26(c)(2).

Generally, the party seeking the protective order has the heavy burden of demonstrating that "good cause" exists for the protection of the materials. Rivera v. NIBCO, Inc., 384 F.3d 822, 827 (9th Cir. 2004) (citation omitted).  "'Good cause' is established where it is specifically demonstrated that disclosure will cause a 'specific prejudice or harm.'"  Id. (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211-12 (9th Cir. 2002)). This standard is not satisfied by "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning."  Id. (citing Phillips, 307 F.3d at 1211-12).  Rather, a party seeking to obtain a protective order must make a "particularized showing of good cause."  Phillips, 307 F.3d at 1211 (quoting San

<u>Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)</u>, 187 F.3d 1096, 1103 (9th Cir. 1999)).

Here, the parties dispute the appropriateness of Mr. Boyden's deposition. Unlike the Court's analysis with respect to Ms. Hood, the threshold issue here is one of relevance, not whether Defendant should be ordered to produce an apex deponent. Discovery must relate to the claims and defenses in a case. Based on the Court's review of Ms. Hood's deposition as well as Plaintiff's other submissions, the Court determines that Plaintiff has failed to establish the relevance of Mr. Boyden's deposition to the claims and defenses in this case. Accordingly, the Court shall not compel Mr. Boyden's deposition and instead issues a protective order precluding the taking of the same.

Plaintiff lastly requests attorneys' fees and costs incurred in bringing his Motion to Compel. Where, as here, a motion to compel "is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable

expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court declines to apportion the reasonable expenses for the two motions and thus denies Plaintiff's request for attorneys' fees and costs.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS in part and DENIES in part Plaintiff's Motion to Compel Production of Documents and to Compel Depositions, filed September 29, 2008 and GRANTS Defendant's Motion for Protective Order, filed October 22, 2008.

Defendant is ordered to: 1) produce all documents responsive to request nos. 6, 8, 10, 14, 15, 18, 19, 25, 28, 30-33, 42, and 43 if any remain outstanding; 2) for those documents already produced with redactions, produce unredacted copies of the documents by November 26, 2008; 3) produce a detailed privilege log by November 26, 2008 with respect to the documents identified in connection with request no. 31 (Fowler 00014245-00014248RPOD); and 4) identify a 30(b)(6) deponent by November 28, 2008.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 13, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 07-00071 SPK-KSC, <u>FOWLER V. STATE FARM AUTOMOBILE INSURANCE CO.</u>; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO COMPEL DEPOSITIONS AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

DATED: Honolulu, Hawaii, November 13, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 07-00071 SPK-KSC, <u>FOWLER V. STATE FARM AUTOMOBILE INSURANCE CO.</u>; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO COMPEL DEPOSITIONS AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER